UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAVID KENNEDY,

      Plaintiff,

vs.

ENCORE GROUP (USA), LLC, a Delaware
Corporation, f/k/a AUDIO VISUAL SERVICES GROUP, LLC,
a Delaware Corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff, DAVID KENNEDY (hereinafter "Plaintiff" or "KENNEDY"), sues Defendant

ENCORE GROUP (USA), LLC (hereinafter "Defendant" or "ENCORE"), and states as follows

in support thereof:

## NATURE OF CASE

1.      KENNEDY brings this action under Title VII of the Civil Rights Act of 1964

(Title VII), 42 U.S.C. § 2000e-2(a) and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10

for discrimination based on religion.

2.      All acts or omissions giving rise to this dispute took place in the Southern District

of Florida.

## JURISDICTION AND VENUE

3.      This is an action for monetary damages and all other appropriate relief as deemed

by the court, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e et seq. ("Title VII") and the Florida Civil Rights Act, Fla. Stat. § 760.10.

4.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII"). This Court has supplementary jurisdiction for questions of state law pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendant was and is located in this judicial district and the events or omissions giving rise to this action occurred in this district. KENNEDY applied for a job to work for ENCORE at a job site for a client located in Miami-Dade County, Florida.

## PARTIES

6.      KENNEDY is an individual male who is a resident of the State of Florida and resides in Broward County.

7.      Defendant ENCORE is a corporation duly authorized to do business by the laws of the State of Florida with offices in Broward County, Florida.

8.      ENCORE is an employer as defined by all laws under which this action is brought and employs the requisite number of employees under both Title VII and the FCRA.

9.      ENCORE was formerly known as Audio Visual Services Group, LLC.

10.      Both Audio Visual Services Group, LLC and ENCORE did business as PSAV in previous years.

11.      KENNEDY is an individual citizen and resident of Broward County, Florida and is within the jurisdiction of this honorable Court.

12.     ENCORE is a Delaware corporation conducting business in Miami-Dade County, Florida and is within the jurisdiction of this Court.

13.     ENCORE was, during all times hereinafter mentioned, an "employer" within the meaning of Title VII and the FCRA.


## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

14.     On May 8, 2019, Plaintiff' filed his charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) (Exh. A). The Florida Commission on Human Relations has not issued any determination in this matter.

15.     An EEOC filing automatically operates as a dual FCHR filing, pursuant to Fla. Stat. § 760.11 and the workshare agreements between the agencies.

16.     On November 30, 2020, the EEOC issued a reasonable cause determination finding that KENNEDY had been subjected to unlawful discrimination. (Exh. B).

17.     On October 18, 2021, the EEOC issued Plaintiff a Right to Sue Letter.  (Ex. C). KENNEDY received that letter after October 18, 2021.

18.     This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

19.     This action is being commenced more than one hundred eighty (180) days after the inception of Plaintiff's administrative action against ENCORE.

20.     All conditions precedent to filing suit have been met or have been waived.

21.     All administrative prerequisites to filing suit have been met or have been waived.

## **GENERAL ALLEGATIONS**

10.     ENCORE partners with its customers to provide in-person, virtual and hybrid events at venues such as hotels.

11.     ENCORE provides audio visual and other services to such venues.

12.     ENCORE does business throughout the United States and has in-house venue locations in more than twenty (20) different countries.

13.     KENNEDY has more than thirty (30) years as a sound engineer and producer.

14.     KENNEDY is a practicing Rastafarian and, as part of his religious beliefs and practices, wears his hair in dreadlocks and does not cut his hair.

15.     In or about January 2019, KENNEDY applied for and was to receive a job working for one of ENCORE's clients in Miami-Dade County, Florida.

16.     In February 2019, ENCORE sent KENNEDY the grooming standards for the job, which called for "hair above the collar…. clean, neat and conservatively styled…"   According to the policy, ENCORE "partners with high-end hotels so we adhere to their conservative grooming standards."

17.     In response, KENNEDY informed ENCORE via e-mail on February 9, 2019 that he is a "practicing Rastafarian" who grows his hair long for "religious purposes."   KENNEDY stated that although his hair was below his waist, it is kept in a "tidy covering" and that he hoped he would not be disqualified because of his faith.

18.     On February 9, 2019, ENCORE acting through its agent Azimoon Monitto, wrote to KENNEDY:

> "I am so sorry, we cannot consider you for a role in a corporate environment as our hotel partners do not allow us to have hair below our collar in length for men as part of the grooming standards.  Good luck.  I don't want to waste your time."

19. ENCORE refused to accommodate KENNEDY's religious beliefs by hiring him for the job for which he applied, a managerial job.

20. KENNEDY has suffered damages as the result of ENCORE's conduct.


## COUNT I
### VIOLATION OF TITLE VII

21. ENCORE refused to hire KENNEDY based on his religion in violation of Title VII, 42 U.S.C. § 2000e- 2(a).

22. ENCORE engaged in an unlawful employment practice in violation of 42 U.S.C. § 2000e-2 by failing to accommodate KENNEDY's sincerely held religious beliefs by not hiring him for the job for which he applied.

23. The effect of the practices complained of in the foregoing has been to deprive KENNEDY of equal employment opportunities and otherwise adversely impact his status as an employee or applicant because of his religion.

24. The unlawful employment practices complained of in paragraphs 16 through 19 caused KENNEDY to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries. KENNEDY's credit rating also suffered.

25. The unlawful employment practices complained of in paragraphs 16 through 19 above caused KENNEDY to lose earnings, compensation and income, including, but not limited to backpay.

26. The unlawful employment practices complained of in paragraphs 16 through 19 above were done with malice or with reckless disregard to the federally protected rights of KENNEDY.

WHEREFORE, KENNEDY asks this Court to grant the following relief:

 a. Issue a declaratory judgment finding that: ENCORE's conduct toward KENNEDY violated Title VII;

 b. Enjoin and restrain ENCORE and all other persons acting on behalf of, or in concert with ENCORE, from engaging in such unlawful practices;

 c. Enter judgment in favor of KENNEDY and against ENCORE for backpay in the amount of wages and fringe benefits it is determined that KENNEDY has lost as a result of ENCORE's unlawful conduct, together with prejudgment interest from the date of the violations;

 d. Enter judgment in favor of KENNEDY and against ENCORE for pecuniary and nonpecuniary compensatory damages together with prejudgment interest pursuant to 42 U.S.C. § 1981a;

 e. Award KENNEDY punitive damages pursuant to 42 U.S.C. § 1981a;

 f. Award KENNEDY a reasonable attorney's fee, pursuant to 42 U.S.C. § 1981a together with costs of this action; and

 g. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of KENNEDY's rights, to prevent reoccurrence of similar acts in the future and to protect ENCORE's other employees from such unlawful behavior.

## COUNT II
## VIOLATION OF FCRA

27.    KENNEDY re-alleges paragraphs 1 through 20 as if fully set forth herein.

28.    ENCORE refused to hire KENNEDY based on his religion in violation of the Florida Civil Rights Act (FCRA), including Fla. Stat. § 760.10(1).

29.    ENCORE engaged in an unlawful employment practice in violation Florida Civil Rights Act (FCRA), including Fla. Stat. § 760.10(1).

27. ENCORE violated the FCRA by failing to accommodate KENNEDY's sincerely held religious beliefs by not hiring for the job for which he applied.

28. The effect of the practices complained of in the foregoing has been to deprive KENNEDY of equal employment opportunities and otherwise adversely impact his status as an employee or applicant because of his religion.

29. The unlawful employment practices complained of in paragraphs 16 through 19 caused KENNEDY to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries. KENNEDY's credit rating also suffered.

30. The unlawful employment practices complained of in paragraphs 16 through 19 above caused KENNEDY to lose earnings, compensation and income, including, but not limited to backpay.

31. The unlawful employment practices complained of in paragraphs 16 through 19 above were done with malice or with reckless disregard to the rights of KENNEDY under state law.

WHEREFORE, KENNEDY asks this Court to grant the following relief:

a.      Issue a declaratory judgment finding that: ENCORE's conduct toward KENNEDY violated the FCRA;

b.      Enjoin and restrain ENCORE and all other persons acting on behalf of, or in concert with ENCORE, from engaging in such unlawful practices;

c.      Enter judgment in favor of KENNEDY and against ENCORE for backpay in the amount of wages and fringe benefits it is determined that KENNEDY has lost as a result of ENCORE's unlawful conduct, together with prejudgment interest from the date of the violations;

d.      Enter judgment in favor of KENNEDY and against ENCORE for pecuniary and nonpecuniary compensatory damages together with prejudgment interest pursuant to the FCRA, Fla. Stat. § 760.11;

e.      Award KENNEDY punitive damages pursuant to the FCRA, Fla. Stat. § 760.11;

f.      Award KENNEDY a reasonable attorney's fee, pursuant to the FCRA, Fla. Stat. § 760.11together with costs of this action; and

g.      Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of KENNEDY's rights, to prevent reoccurrence of similar acts in the future and to protect ENCORE's other employees from such unlawful behavior.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.


Respectfully submitted,


Gary A. Costales, P.A.
1533 Sunset Drive, Suite 150
Miami, Florida 33146
Telephone: (786) 446-7318 (direct)
(786) 446-7288 (main)
Facsimile: (786) 323-7274 (facsimile

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829